IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512  Request from Italy for Assistance in a Criminal Matter: Darkweb vendor kaiserplug (Paxful, Inc.) | MISC. NO. 21- |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512**

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Jennifer K. Welsh, Assistant U.S. Attorney, Office of the United States Attorney (or a substitute or successor subsequently designated by the Office of the United States Attorney), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from Italy. In support of this application, the United States asserts:

RELEVANT FACTS

1. On July 19, 2021, the Sostiuto Procuratore della Repubblica presso il Tribunale di Milano submitted a request for assistance (hereinafter, the Request) to the United States, pursuant to the 1982 Treaty on Mutual Legal Assistance in Criminal Matters between the United States of America and Italy, as supplemented by the 2006 U.S.-Italy Mutual Legal Assistance Instrument (hereinafter, the Treaty). As stated in the Request, the Guardia di Finanza Nucleo Speciale Tutela Privacy e Frodi Tecnologiche di Roma is investigating a crime, specifically,

illegally offering the sale of vials of counterfeit Pfizer Covid-19 vaccine, which occurred on or about March 18, 2021, in violation of the criminal law of Italy, namely, Article 147 paragraph 4 and Article 473 of the Italian Criminal Law.  A copy of the applicable law is included as Attachment A to this application.  Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in Italy, they are investigating the illegal offering for sale of vials of counterfeit Pfizer Covid-19 vaccine by darkweb vendor "kaiserplug". In March 2021, an Italian individual, Alessio Lasta, attempted to purchase the counterfeit vaccine on the darkweb by paying bitcoin through the Yarix platform. The payment was later traced to the cryptocurrency exchange Paxful, Inc, based in Wilmington, Delaware. In particular, the payment was traced to the following bitcoin address associated with Paxful, Inc.: 3QMSQtvjwvb2aFHtWRTMPaR1GTqutSW3Gd.

3. To further the investigation, authorities in Italy have asked U.S. authorities to provide business records from Paxful, Inc. pertaining to the aforementioned bitcoin address.

## LEGAL BACKGROUND

### The Treaty

4. A treaty constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

5. The United States and Italy entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.

## 18 U.S.C. § 3512

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*                               \*                               \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located.

\*                               \*                               \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making

requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(1), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

9.   Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena."  Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

REQUEST FOR ORDER

10.   As evidenced by a letter dated August 27, 2021 from the Office of International Affairs to the Office of the United States Attorney for the District of Delaware, the Office of

International Affairs has reviewed and authorized the Request and has delegated execution to the U.S. Attorney's Office for the District of Delaware. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Sostiuto Procuratore della Repubblica presso il Tribunale di Milano, the designated Central Authority in Italy for requests made pursuant to the Treaty, and seeks assistance in the investigation of the illegal online sale of Anti-Covid 19 brand "Pfizer" vaccines and for the crime of counterfeiting the trademark "Pfizer" - criminal offenses in Italy. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, the documents or things to be produced are located in District of Delaware. Accordingly, this application was properly filed in this district.

11. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.

12. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Jennifer K. Welsh, Assistant United States Attorney (or a substitute or successor subsequently designated by

the Office of the U.S. Attorney) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

                                      Respectfully submitted,

                                      DAVID C. WEISS
                                      United States Attorney

                               By: /s/ Jennifer K. Welsh
                                      Jennifer K. Welsh
                                      Assistant U.S. Attorney
                                      1313 N. Market Street, Suite 400
                                      Wilmington, DE 19801
Dated: October 19, 2021               (302) 573-6277